CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

AUG 2 0 2008

BY: JOHN F. CORCORAN, CLERK
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| LUIS RAFAEL FIGUEROA | ) | |
| HERNANDEZ, SECURED PARTY/ | ) | |
| CREDITOR, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:08-cv-00469 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| LUIS RAFAEL FIGUEROA | ) | |
| HERNANDEZ, | ) | **By: Hon. Glen E. Conrad** |
|     Defendant in Rem. | ) | **United States District Judge** |

Plaintiff Luis Rafael Figueroa Hernandez ("Hernandez"), a federal inmate proceeding pro se, brings this civil action, raising claims under federal statutes. Plaintiff did not prepay the $350.00 filing fee required to file a civil action in this court. Accordingly, the court construed and filed the action as one arising under the court's federal question jurisdiction, pursuant 28 U.S.C. §1331 and seeking in forma pauperis status, pursuant to 28 U.S.C. § 1915(a). Upon review of the complaint, the court finds that in forma pauperis status shall be granted and that this action shall be dismissed pursuant to 28 U.S.C. §1915A(e)(2) as frivolous.

I

Hernandez, an inmate at the United States Penitentiary in Lee County, Virginia ("USP Lee"), states that his civil action is filed pursuant to Fed. R. Civ. P. 9(h), "specifically, an in rem action under Rule C Special provisions 28 U.S.C.A. Within Admiralty." Hernandez states that he seeks to enforce a "perfected 'Maritime Lien' against the Defendant/Debtor LUIS RAFAEL FIGUEROA HERNANDEZ (EN LEGIS) [himself] who is also the trust in this process." Hernandez states that

1

by prior security agreement, he (the secured party) and the Debtor (himself) agreed that the Debtor, among other things,

  a.)     voluntarily enters Debtor into the Commercial Chamber.
  b.)     Transfers and assigns to the Secured Party a Security Interest in the collateral described herein below.
  c.)     Agrees to be, act and function in law and Commerce as the unincorporated, proprietary trademark of the Secured Party for the exclusive discretionary use by the Secured Party in any manner that the Secured Party, by sovereign and Unalienable Right, elects.

The civil action document continues: "Due to the injuries accruing to the Secured Party by virtue of the Transmitting Utility function of the Debtor/Trust, the Plaintiff filed a lien against the Defendant/Debtor and now herein seeks to enforce said 'Maritime Lien.'" Furthermore, Hernandez states, "[t]he Property or Res that the Plaintiff requests to be attached and arrested and deposited on the court to abide judgment is in fact registered in the Commercial Chamber as follows: LUIS RAFAEL FIGUEROA HERNANDEZ." The complaint states that the Res (Hernandez) is currently located "in the USP Lee County Warehouse/Penitentiary." After the Res is arrested and deposited in the court, plaintiff wants judgment from this court "ordering the release of the Property, i.e. the Defendant/Debtor/Trust LUIS RAFAEL FIGUEROA HERNANDEZ (ENS LEGIS) [Hernandez] to the Plaintiff [Hernandez]." Other attachments to the civil action document allegedly include a Notice of Waiver, Security on Counterclaim, Power of Attorney Limited, Security Agreement,[1] UCC Financing Statement, and Certificate of Live Birth stamped "accepted for value." Hernandez threatens the clerk of court that failure to file these documents makes one subject to criminal

---

[1] In the Security Agreement, the Debtor establishes a "fidelity bond" in favor of the Security Party in the sum of $100,000,000.

penalties under 49 U.S.C. § 80113, which covers liability of common carriers for nonreceipt, misdescription, or improper loading of goods.

## II

A complaint filed in forma pauperis may be summarily dismissed under § 1915(e)(2)(B) if the court determines that the claims are frivolous, malicious, or fail to state any actionable claim. Even prior to the enactment of 42 U.S.C. §1915(e)(2), a district court had the authority to dismiss complaints as frivolous if they were based on "indisputably meritless legal theories" or "clearly baseless" factual contentions. Neitzke v. Williams, 490 U.S. 319 (1989). Principles requiring generous construction of pro se pleadings are not without limits. Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir.1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir.1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett, 775 F.2d at 1278.

Federal prisoners contesting the validity of their confinement under their convictions or sentences must pursue relief in the sentencing court through a motion to vacate, set aside or correct sentence. See 28 U.S.C. § 2255(a). To obtain such relief, the inmate must prove that one of the following occurred: (1) his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such a sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Id. A federal inmate seeking to challenge the execution or manner in which his sentence

3

is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004). The inmate bears the burden of proving grounds for either of these collateral attacks by a preponderance of the evidence. Jacobs v. United States, 350 F.2d 571, 574 (4th Cir.1965).

Hernandez apparently seeks release from prison based on documents he created in reliance on his rather tenuous interpretation of the Uniform Commercial Code and other federal commercial statutes. The court finds no ground upon which an inmate may use civil statutes to challenge the fact or length of his confinement. Even liberally construed, the complaint does not state a viable federal legal claim upon which Hernandez is entitled to have his federal criminal sentence of imprisonment vacated or set aside under § 2255 such that the court could construe his pleading and transfer the instant action as a § 2255 motion to the district court where Hernandez was sentenced. Nor does he assert any constitutional infirmity in the way in which his sentence has been calculated or executed such that the court could construe his pleading as a petition under § 2241. Thus, to the extent that the present complaint seeks Hernandez's release from custody based on civil financing documentation, it will be dismissed as legally frivolous, pursuant to § 1915(e)(2)(B). An appropriate order shall be entered this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

4

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This _20th_ day of August, 2008.

_____
United States District Judge

5